J&J CELCOM; Lupe Azevedo; Woodrow W. Holmes, Jr.; Lucille Hoss; Daniel Murray; Rajive Oberoi; Kenneth L. Ramsey; Gary R. Robbins; Joanne Robbins; S&D Partnership; Cell–Cal IX–T9; Nancy Donnelly; Rodger D. Friz; Sid Danny Hoff; Om Parkash Kalra; Ronald Wilson; Delchi Corporation, Plaintiffs–Appellants,

v.

AT&T WIRELESS SERVICES, INC.; McCaw Cellular Interests Inc.; AT&T Wireless Services Of Colorado LLC; AT&T Wireless Services Of Idaho Inc.; AT&T Wireless Services of Washington LLC; Boise City Cellular Partnership, formerly known as New Boise City Cellular Partnership; Fort Collins–Loveland Cellular Telephone Co., formerly known as New Fort Collins–Loveland Cellular Telephone Company; Greeley Cellular Co., formerly known as New Greeley Cellular Company; Yakima Cellular Telephone Company, formerly known as New Yakima Cellular Telephone Company; McCaw Communications of Wheeling, Inc.; McCaw Communications of Texarkana, Inc.; AT&T Wireless Services of California, Defendants–Appellees.

No. 05–35567.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 14, 2006.

Filed Dec. 26, 2006.

John J. Oitzinger, Esq., Helena, MT, for Plaintiffs–Appellants.

Brendan Thomas Mangan, Esq., Heller Ehrman, LLP, Seattle, WA, for Defendants–Appellees.

Before: RYMER, BERZON, and TALLMAN, Circuit Judges.

## MEMORANDUM *

In this diversity action, J&J Celcom and other former owners of fractional interests in nine general cellular telephone partnerships ("minority owners") appeal an adverse summary judgment of the United States District Court for the Western District of Washington in favor of AT&T Wireless Services and several of its wholly-owned subsidiaries ("AWS"). The minority owners also appeal the district court's denial of their motion for partial summary judgment and its orders excluding a late-filed expert witness report.

The minority owners assert that AWS's non-voluntary acquisition of their interests breached the partnership agreements, the implied covenant of good faith and fair dealing, and AWS's fiduciary duties of loyalty and care. The minority owners also allege that AWS charged excessive fees for certain roaming and switch-sharing services that failed to take into account its actual costs of providing the services, thereby committing a breach of AWS's duty of care and the implied covenant of good faith.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We have jurisdiction under 28 U.S.C. § 1291. We will provide a full recitation of the facts underlying this case when we file the Order certifying a question to the Supreme Court of Washington.

## I

We review a district court's grant or denial of summary judgment de novo. *Nw. Envtl. Advocates v. Nat'l Marine Fisheries Serv.*, 460 F.3d 1125, 1132 (9th Cir.2006). To oppose summary judgment, a party must identify specific facts establishing a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Conclusions or speculative allegations will not suffice. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). We view the evidence in the light most favorable to the party opposing summary judgment. *Downey v. Crowley Marine Servs., Inc.*, 236 F.3d 1019, 1022 (9th Cir.2001).

We review de novo a district court's interpretation of state law. *Salve Regina Coll. v. Russell*, 499 U.S. 225, 231, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991). We review an order excluding a proposed expert report under Federal Rule of Civil Procedure 37(c)(1) for abuse of discretion. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105–06 (9th Cir. 2001).

## II

We affirm the district court's grant of summary judgment on the minority owners' claims that AWS's non-voluntary acquisition of the minority owners' interests constituted a breach of the partnership agreements and a breach of the implied covenant of good faith and fair dealing.

## A

A federal court sitting in diversity must apply the choice of law rules of the forum state to determine which state's law applies. *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 661 (9th Cir.1999). Washington law provides that "[a]n express choice of law clause in a contract will be given effect, as expressing the intent of the parties, so long as application of the chosen law does not violate the fundamental public policy of [Washington]." *McGill v. Hill*, 31 Wash.App. 542, 644 P.2d 680, 683 (1982). According to the partnership agreements' choice of law provisions, five of the agreements are governed by the laws of the District of Columbia, three by the laws of Delaware, and one by the laws of Maryland. The parties agree that the choice of law provisions apply to the minority owners' claims of breach of contract and breach of the implied covenant of good faith and fair dealing.

## B

■ The District of Columbia, Delaware, and Maryland all follow the law of objective interpretation of contracts: when contract language is unambiguous, the court must give effect to its plain meaning. *See Rhone–Poulenc Basic Chems. Co. v. Am. Motorists Ins. Co.*, 616 A.2d 1192, 1195–96 (Del.1992); *Bragdon v. Twenty-Five Twelve Assocs. Ltd. P'ship*, 856 A.2d 1165, 1170 (D.C.2004); *Gen. Motors Acceptance Corp. v. Daniels*, 303 Md. 254, 492 A.2d 1306, 1310 (1985). The partnership agreements unambiguously allow for a sale of all assets by either majority or super-majority vote. None of them restricts the parties to whom assets may be sold, and the minority partners cite no authority for their contention that statutory fiduciary duties are incorporated as terms of the

contract.[1] Therefore, AWS's sale and acquisition of the partnership assets and subsequent dissolution of the partnerships do not constitute a breach of the partnership agreements.

## C

■ Because a court generally may not impose additional obligations not found in the language of a contract based on the implied covenant of good faith and fair dealing, the district court properly dismissed the minority owners' claim of breach of the implied covenant of good faith and fair dealing. *See Cincinnati SMSA Ltd. P'ship v. Cincinnati Bell Cellular Sys. Co.*, 708 A.2d 989, 992–93 (Del. 1998); *Paul v. Howard Univ.*, 754 A.2d 297, 310–11 (D.C.2000); *Parker v. Columbia Bank*, 91 Md.App. 346, 604 A.2d 521, 531 (1992). The minority owners have adduced no evidence to support their contention that their "objectively reasonable expectations ... contemplated an arms length sale to a third party rather than a transfer to a shell entity created by the majority partner," nor do they explain how the asset sale was an artifice or subterfuge designed to circumvent any rights they had under the agreements.

## III

We affirm the district court's grant of summary judgment on the minority owners' claims that AWS breached its fiduciary duty of care and the implied covenant of good faith by charging excessive service fees.

The minority owners also claim that AWS's non-voluntary acquisition of their interests violated its fiduciary duty of loyalty. We are unable to resolve this issue without a definitive ruling from the Supreme Court of Washington on an unresolved issue of state partnership law. Depending on how that court responds to the question we will certify, we will then determine whether the minority owners present a genuine issue of material fact sufficient to require reversal of the district court's award of summary judgment on this claim.

## A

■ The parties dispute which state's law applies to the breach of fiduciary duty claims. Under Washington law, breach of fiduciary duty sounds in tort, *Miller v. U.S. Bank of Wash., N.A.*, 72 Wash.App. 416, 865 P.2d 536, 543 (1994), and contractual choice of law provisions do not govern tort claims arising from the contract, *Haberman v. Wash. Pub. Power Supply Sys.*, 109 Wash.2d 107, 744 P.2d 1032, 1066 (1987). The Washington Supreme Court has held:

> An actual conflict between the law of Washington and the law of another state must be shown to exist before Washington courts will engage in a conflict of law analysis.... Absent such a showing, the forum may apply its own law.

*Burnside v. Simpson Paper Co.*, 123 Wash.2d 93, 864 P.2d 937, 942 (1994) (internal citations omitted); *see also Alaska Nat'l Ins. Co. v. Bryan*, 125 Wash.App. 24, 104 P.3d 1, 5 (2004). At the summary

---

1. Any default rule imposed by statutory partnership law would not be considered a term of the contract, but rather as a fiduciary duty. *See, e.g.*, DEL.CODE TIT. 6, § 15–103(a); D.C.CODE § 33–101.03(a); MD.CODE CORPS. & ASS'NS § 9A–103(a). Washington treats alleged breach of statutorily imposed duties as tort claims. *See Hudson v. Condon*, 101 Wash.App. 866, 6 P.3d 615, 619 (2000); *G.W. Constr. Corp. v. Prof'l Serv. Indus., Inc.*, 70 Wash.App. 360, 853 P.2d 484, 486 (1993) ("An action sounds in contract when the act complained of is a breach of a specific term of the contract, without reference to the legal duties imposed by law on that relationship.").

judgment hearing, the minority owners' counsel represented that he was unaware of any conflict of law and suggested the absence of a conflict. Indeed, at the argument for this appeal, counsel for both parties asserted that Washington law controls the fiduciary duty claims. Because neither party identified a conflict, the district court properly applied Washington law to the minority owners' fiduciary duty claims.

## B

The minority owners claim that AWS breached its fiduciary duty of care by imposing excessive switch-sharing and roaming fees without being duly informed of "all information reasonably available." They claim that, while "AWS knew its costs per minute of use and knew the costs of providing switches to the minority owned partnerships[, t]here is no evidence . . . to indicate that the AWS employees on the executive committees of the partnerships considered any of these facts at the times that they were required to make the determinations of reasonableness [of service fees.]"

■ Because a party must exercise a duty of care in conducting the business of the partnership, see Wash. Rev.Code § 25.05.165(3), the provisions of the partnership agreement necessarily define the scope of the duty. Here, all nine agreements specify that the partnership may contract with a partner or affiliates of a partner for goods or services, so long as such agreements are "on terms no less favorable to the Partnership than could be obtained if it was [sic] made with a person who is not a Partner." Four agreements specify that affiliates contracting with the partnership to provide goods or services

may receive "reasonable profit and overhead allowances," and the others specify that the service agreements must be "reasonable." These provisions are consistent with the Washington partnership statute which provides that "[a] partner does not violate a duty or obligation under this [statute] or under the partnership agreement merely because the partner's conduct furthers the partner's own interest." Wash. Rev.Code § 25.05.165(5).

The minority owners have adduced no substantial evidence demonstrating that the partnerships received switch-sharing and roaming services on terms less favorable than those they could have received from a third party, or that AWS's fees were otherwise unreasonably high.[2] By presenting no evidence of damages, the minority owners failed to support an essential element of their claim. Cf. Senn v. Nw. Underwriters, Inc., 74 Wash.App. 408, 875 P.2d 637, 639 (1994). Therefore, the district court's grant of summary judgment on this claim was proper. For the same reason, summary judgment as to the implied covenant of good faith and fair dealing was also proper.

## IV

■ The district court did not abuse its discretion in excluding the proposed expert report of the minority owners' expert witness under Federal Rule of Civil Procedure 37(c)(1). Rule 37(c)(1) prohibits the use of an untimely expert report at trial absent a substantial justification and showing of harmlessness. We afford "particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." Yeti, 259 F.3d at 1106.

---

2. Although the minority owners suggest that the burden would be on AWS to produce evidence of the costs incurred or profits gained because AWS breached its duty of care when it determined the rates to be charged, they cite no Washington authority for that proposition.

The minority owners served the expert report on the last day of discovery, nearly three months after the deadline for disclosure of this expert report established by the district court. The minority owners failed to establish a substantial justification for the late-filed report or harmlessness. Therefore, the district court's exclusion of the report under Rule 37(c)(1) was not an abuse of discretion. *See id.* at 1106–07.

## V

We affirm the district court's grant of summary judgment on the minority owners' claims for breach of contract, breach of implied duty of good faith and fair dealing, and breach of the fiduciary duty of care as to the service fees. We also affirm the district court's order excluding their late-filed expert witness report. Pending the response to the question we will certify to the Supreme Court of Washington, we refrain from ruling on the district court's award of summary judgment on the minority owners' claim of breach of fiduciary duty of loyalty.

**AFFIRMED in part.** The Order inviting the parties to comment on our proposed certified question of state law to the Supreme Court of Washington is filed herewith. The Order certifying the question to the Supreme Court of Washington will be filed in due course, after considering the responses of the parties. This appeal shall remain under submission pending receipt of the response of the state supreme court. **Issuance of the mandate shall be stayed.**